***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and all parties are properly before the Commission.
2. Plaintiff was employed by defendant-employer on May 12, 1998 and July 7, 1998, the dates of plaintiff's alleged injuries to his back.
3. At all relevant times, an employer-employee relationship existed between the parties with defendant-employer being self-insured with ACE USA acting as the servicing agent.
4. The last day plaintiff worked for defendant-employer was October 1, 1999.
5. The parties stipulated that plaintiff's average weekly wage would be determined by a Form 22, Wage Chart, to be submitted by defendant.
6. The parties stipulated into evidence, as Stipulated Exhibit 1, plaintiff's medical records from Rowan Neurosurgical Associates, Northeast Medical Center, Binder Chiropractor Clinic, and Rowan Regional Medical Center.
7. The parties stipulated into evidence, as Stipulated Exhibit 2, plaintiff's discovery responses.
8. The parties stipulated into evidence, as Stipulated Exhibit 3, plaintiff's employment records.
 ***********
Plaintiff filed a Form 18 with an injury date of July 7, 1998 and this claim was assigned I.C. File No. 011566. Plaintiff also filed a Form 18 with an injury date of May 12, 1998. This file was assigned I.C. File No. 966550. Upon joint motions of the parties and for good cause shown these matters were consolidated for hearing and disposition.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner in this matter, plaintiff was 28 years old, born January 8, 1972. Plaintiff obtained his GED and had a work history including carpentry and roofing work. On January 19, 1998, plaintiff began employment with defendant-employer as a roofer.
2. Plaintiff's employment as a roofer for a mobile home manufacturer required that he roof single-wide and double-wide mobile homes laying shingles, capping, loading the house with shingles and placing plywood on the roof. This job involved considerable lifting, standing, climbing, bending and crawling.
3. On May 12, 1998, plaintiff was laying shingles on a roof when, as he was walking across the roof with two bundles of shingles weighing approximately 150 pounds, he slipped on loose roofing paper and fell on his tailbone directly onto the dormer at the peak of the roof. Several employees witnessed plaintiff's fall including Michael Brooks and Donald Rogers.
4. Plaintiff reported this injury to his supervisor and/or team leader, but did not pursue the matter as plaintiff, his co-employees and supervisor thought it was merely a routine backache, which would go away. Plaintiff continued to work and to experience back discomfort.
5. On July 7, 1998, as plaintiff was "loading" another house, he lifted a bundle of shingles off the forklift, twisted and felt a sharp pain in his lower back. Plaintiff immediately reported this incident to the company nurse who gave him a back brace.
6. Plaintiff sought treatment from a chiropractor, Dr. Michael Binder, on July 8, 1998 indicating that he bent over the previous day and felt lower back pain and that he had off and on back pain since May 1998. Dr. Binder's note of that date indicates that plaintiff's pain in May 1998 was subject to a motor vehicle accident. However, upon further reflection Dr. Binder indicated that he did not remember plaintiff telling him anything about a motor vehicle accident, that plaintiff had always mentioned the work incident and he most likely wrote motor vehicle accident out of habit since a large number of his patients have been in motor vehicle accidents.
7. Dr. Binder treated plaintiff for a total of twelve visits. He was of the opinion that plaintiff suffered from spondylolisthesis and that the pain plaintiff experienced was due to an aggravation of that condition by some force that had occurred recently to his back, probably the incident on May 12, 1998. Dr. Binder was further of the opinion that conditions like plaintiff's spondylolisthesis are often asymptomatic even for a lifetime and that plaintiff only began experiencing symptoms after his on the job injury.
8. Plaintiff was referred by Dr. Binder to Dr. Mark Lyerly, a neurosurgeon. Plaintiff presented to Dr. Lyerly on September 15, 1998 suffering from grade I L5-S1 spondylolisthesis. Plaintiff was treated conservatively. By April 1, 1999, plaintiff's pain had increased and an MRI revealed disc degeneration at L5-S1. Plaintiff was given an epidural block.
9. By July 27, 1999, plaintiff's back pain and condition was such that he became unable to work as a roofer and Dr. Lyerly took him out of work.
10. Plaintiff was involved in a four-wheeler accident around that time which increased plaintiff's pain and possibly hastened the need for surgery. However, prior to plaintiff's four-wheeler incident Dr. Lyerly had already discussed surgery with plaintiff, and Dr. Lyerly was of the opinion that the four-wheeler incident was not a significant factor in plaintiff's back condition, and that plaintiff very likely would have required the same treatment regardless of the accident.
11. On October 22, 1999, plaintiff underwent an L5-S1 laminectomy for foraminal stenosis, posterior lumbar interbody fusion L5-S1, posterior lumbar interbody fixation with Ray cages and use of harvest and autologous morcellized bone graph.
12. Plaintiff had a very difficult recovery and by November 23, 1999 had fallen twice at home and was unable to drive a car. Plaintiff continued to have a difficult recovery, and on May 2, 2000, underwent a second surgery to remove scar tissue and add screws to further stabilize the spine.
13. Dr. Lyerly was of the opinion at the time of his deposition on June 13, 2000, that plaintiff had not yet reached maximum medical improvement and that at a minimum plaintiff would retain a 35% permanent partial impairment of the back. Dr. Lyerly was further of the opinion that plaintiff had been unable to work since September 1999 and that plaintiff's two incidents at work, the May 12, 1998 fall on his tailbone on the dormer and the July 7, 1998 onset of pain while lifting a box of shingles and twisting, turned plaintiff's asymptomatic congenital spondylolisthesis into a symptomatic condition and initiated and was responsible for plaintiff's disabling back pain. Finally Dr. Lyerly was of the opinion that plaintiff had a substantial risk of requiring future medical treatment including x-rays, MRIs, urologic tests, spinal cord stimulators and other treatment.
14. In September 1999, defendant-employer indicated that it was going to lay off 25 people and asked for volunteers. More than 25 people volunteered to be laid off, but plaintiff was not one of them. However, defendant-employer did lay off plaintiff on October 1, 1999, and he has not worked for defendant-employer since that time.
15. On May 12, 1998, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. On July 7, 1998, plaintiff suffered a compensable aggravation of this injury.
16. From October 1, 1999 and continuing, plaintiff has been unable to earn wages he was receiving at the time of his compensable injury at the same or in any other employment.
17. As a direct and proximate result of his compensable back injuries, plaintiff was unable to engage in physical activities required by his former job or any other job from October 1, 1999 and continuing.
18. As a direct and proximate result of plaintiff's compensable back injuries, plaintiff bears a substantial risk of requiring future medical treatment.
19. The parties did not submit any wage information or a Form 22 Wage Chart. Furthermore, the parties did not submit Stipulated Exhibit 3, plaintiff's employment records. Therefore, the Commission finds, based upon the Form 19 submitted by defendant, that plaintiff's average weekly wage was $450.00, yielding a compensation rate of $300.00.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LA
1. On May 12, 1998, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer, and on July 7, 1998, plaintiff sustained a compensable aggravation of that injury in a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. As a direct and proximate result of plaintiff's compensable injury, plaintiff was incapable of earning wages which he was receiving at the time of his compensable injuries at the same or in any other employment from October 1, 1999 and continuing. N.C. Gen. Stat. §97-29.
3. As a result of his compensable injury, plaintiff is entitled to temporary total disability compensation at the rate of $300.00 per week for the period from October 1, 1999 and continuing until further order of the Industrial Commission or until plaintiff returns to work. N.C. Gen. Stat. § 97-29.
4. To the extent the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injuries including all treatment rendered by Dr. Binder and Dr. Lyerly. N.C. Gen. Stat. § 97-25.
5. Plaintiff bears a substantial risk of requiring future medical treatment as a direct and proximate result of his compensable injury and is entitled to future medical treatment for his back injury. N.C. Gen. Stat. § 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his compensable injury, defendant shall pay plaintiff temporary total disability compensation at a rate of $300.00 per week for the period from October 1, 1999 and continuing until further order of the Industrial Commission or until plaintiff returns to work. Portions of this amount have accrued and shall be paid in a lump sum and all such amounts shall be paid subject to an attorney's fee contained in paragraph 2.
2. A reasonable attorney's fee of 20% of the compensation due under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be deducted from that sum and paid directly to plaintiff's counsel.
3. Defendant shall pay all past and future medical expenses incurred by plaintiff as a result of his compensable injuries.
4. Defendant shall bear the costs, including payment of an expert witness fee for Michael S. Binder, D.C. in the amount of $125.00, if it has not already been paid.
This the ___ day of January, 2002.
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER
LKM/mhb